IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**THOMAS EDWARD CAMPBELL, # 62117**                               **PLAINTIFF**

**VERSUS**                                     **CIVIL ACTION NO. 3:18cv376-TSL-RHW**

**UNIT MANAGER BENTON, CASE
MANAGER KELLY, and LEMARCUS
RUFFIN**                                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the court <u>sua sponte</u>. <u>Pro se</u> plaintiff Thomas Edward Campbell is incarcerated with the Mississippi Department of Corrections, and he challenges the conditions of his confinement. The court has considered and liberally construed the pleadings. As set forth below, defendant Unit Manager Benton is dismissed.

### BACKGROUND

Campbell is currently incarcerated at the East Mississippi Correctional Facility. Employed at the prison are Defendants Unit Manager Benton, Case Manager Kelly, and Lemarcus Ruffin. Benton is the unit manager for housing Unit 3B. Ruffin is an investigator and gang specialist.

Campbell claims that on August 31, 2017, he was housed in Unit 3B. Seven days later, Unit Manager Benton and Case Manager Kelly allegedly moved him to Unit 6B, "a very violent atmosphere w[h]ere sexual assaults are common and gang violence is very common." (Resp. at 1). That same day Campbell alleges he was

sexually assaulted by a gang member inmate named Head.

Campbell contends that he then went to Investigator Ruffin's office and reported the incident to him. According to Campbell, Ruffin had agreed to transfer him to Unit 4, "but when [Ruffin] went out of the room and saw . . . [a] gangster who had" overheard their conversation, Ruffin sent Campbell to Unit 2D, where that inmate was housed. (Compl. at 5). As a result, Campbell claims he was labeled a snitch on the new zone and was threatened by the inmate who had overheard his complaint to Ruffin. Campbell claims Ruffin "put me in the middle of a war zone" because Campbell is suing him in another case. Id. at 6.

Campbell filed this Complaint under 42 U.S.C. § 1983 for damages. He claims retaliation against Ruffin. Campbell alleges a failure to protect against Unit Manager Benton and Case Manager Kelly.

This is not the first time that Campbell has brought the failure to protect claim against Benton. The same claim was brought against her in the prior case of Campbell v. Wheeler, civil action number 3:17cv959, which is still pending in this court.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to

2

prisoners proceeding in forma pauperis in this court. The statute provides in pertinent part, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. The court has permitted Campbell to proceed in forma pauperis in this action. His Complaint is subject to sua sponte dismissal under § 1915.

Among others, Campbell sues Unit Manager Benton for an

3

alleged attack by a fellow inmate.  This claim is already pending in the prior filed case of Wheeler.  A civil action may be dismissed if it is duplicative of another action pending in the same court.  Oliney v. Gardner, 771 F.2d 856, 859 (5th Cir. 1985).  Further, it is "'malicious' for a pauper to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff."  Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).  Because the claim against Benton was first filed in Wheeler, the claim is both duplicative and malicious.  Dismissal of the claim against Benton is without prejudice as to the other pending lawsuit of Wheeler and is with prejudice in all other respects.  Id.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, the claim against Defendant Unit Manager Benton is duplicative and malicious and is dismissed without prejudice to the prior pending lawsuit of Campbell v. Wheeler, cause number 3:17cv959 (S.D. Miss.), and is dismissed with prejudice in all other respects.  The remainder of this case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 13th day of August, 2018.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE