**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**THOMAS EDWARD CAMPBELL**                                      **PLAINTIFF**

**VS.**                                      **CIVIL ACTION: 3:18cv376-TSL-RHW**

**TERRANCE KELLY,** *et al.*                                      **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION**</u>

    This matter is before the Court *sua sponte* following review of the docket entries and
pleadings in the case.  Plaintiff filed this prisoner civil rights lawsuit on June 8, 2018.  LeMarcus
Ruffin and Management and Training Corporation answered the complaint [21], [29], and their
attorney notified the Court under seal that Terrance Kelly is no longer employed by Management
and Training Corporation, and provided Kelly's last known address, a post office box.  The
Court immediately had a request for waiver of service of process issued to Kelly at that address.[1]
[19]  The Court also ordered that by November 28, 2018,  Plaintiff must "either (1) provide
more information on the identity and location of Kelly such as any necessary correction to
[Kelly's] name or a current street address, or (2) if unsuccessful in obtaining this information,
explain why, or (3) voluntarily dismiss [Kelly]." [20]  The order advised Plaintiff that failure to
timely comply with the order might result in dismissal of Kelly from the lawsuit.  When Plaintiff
indicated he was unable to provide an address for Kelly, the Court extended the response
deadline to December 14, 2018.  Plaintiff filed no further response.  [23]

    On January 3, 2019, the Court entered [28] an order requiring Plaintiff to show cause
why Kelly should not be dismissed, again warning Plaintiff that failure to timely comply might
result in the dismissal of Defendant Kelly.  Plaintiff filed no response to the Show Cause order.

---

[1]The waiver was never returned.

It is the Plaintiff's responsibility to provide a Defendant's address for the purpose of service of process. *See Barmes v. Nolan*, 123 F. App'x 238, 239 (7th Cir. 2005) (finding district court was not responsible for helping *pro se* plaintiff locate address of defendant); *Laurence v. Wall*, 551 F.3d 92 (1st Cir. 2008) (IFP plaintiff is required to cooperate with court and USMS in effectuating service, including providing addresses of named defendants).

## RECOMMENDATION

The Court's efforts to obtain service on Defendant Kelly having proven unsuccessful, and Plaintiff having provided no further address for service of process on Kelly, the undersigned recommends dismissal of the complaint without prejudice as to Terrance Kelly.

## NOTICE OF RIGHT TO APPEAL/OBJECT

A party has 14 days after service of a copy of this Report and Recommendation to serve and file with the Clerk any written objections to it. *L.U.Civ.R.* 72(a)(3). An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. Responses to objections must be filed within seven days after service, or the opposing party must notify the District Judge that he does not intend to respond. One failing to timely file objections is barred, except on grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion to which he did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 25th day of January 2019.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE