# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**THOMAS EDWARD CAMPBELL**                                          **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 3:18cv376-TSL-RHW**

**LeMARCUS RUFFIN and**
**MANAGEMENT AND TRAINING CORPORATION**              **DEFENDANTS**

## REPORT AND RECOMMENDATION

This *pro se* prisoner civil rights case came before the Court for a duly noticed *Spears*/omnibus hearing scheduled for Wednesday, June 12, 2019 at 1:00 p.m., before United States Magistrate Judge Robert H. Walker at the United States Courthouse in Jackson, Mississippi. *See* Order [32] entered February 8, 2019. The docket reflects, and the Court finds that on February 8, 2019, Deputy Clerk Sandra Ryan properly notified Thomas Edward Campbell of the hearing by mailing a copy of Order [32] and notice of the hearing to his address of record on that date.[1] The mailed notice was not returned as undeliverable, and is presumed to have been received by Campbell. The docket reflects that since changing his address upon his release from prison, Campbell has taken no action whatsoever in this case. When the Court convened for the scheduled hearing, Campbell was not present. The Court had Campbell's name called three times in the courtroom and three times outside the courtroom entrance and received no response. Defense Counsel appeared for the hearing at the appointed time.

## RECOMMENDATION

Based upon the foregoing, the undersigned recommends that Campbell's case be

---

[1] Campbell was released from prison in early January 2019, and by notice dated January 12, 2019, Campbell advised the Court of his change of address to a free-world address. [30] This is the address to which the order was mailed.

dismissed due to his failure to appear as ordered for the scheduled *Spears*/omnibus hearing on June 12, 2019.

## **NOTICE OF RIGHT TO APPEAL/OBJECT**

Within 14 days after service of a copy of this Report and Recommendation a party may serve and file with the Clerk written objections to it, specifically identifying the findings, conclusions, and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. The opposing party must file responses to objections within seven days after service or notify the District Judge that he does not intend to respond. Absent timely written objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 13th day of June 2019.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE